DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Boost Worldwide, ) | |
| ) | CASE NO. 5:11 CV 2466 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| Summit Check Cashing, ) | |
| ) | |
| ) | |
| Defendant. ) | |

This case alleging trademark infringement and false advertising in violation of the Lanham Act[1] was referred to Magistrate Judge Burke for general pre-trial supervision. Plaintiff Boost Worldwide (Boost) filed a motion for default judgment against defendant Summit Check Cashing after the Clerk entered default against Summit Check Cashing on January 4, 2012. *See* ECF 6 and 10.

Magistrate Judge Burke issued a Report and Recommendation on February 22, 2012, recommending that the Court grant plaintiff Boost's motion for default judgment and:

a) permanently enjoin defendant Summit Check Cashing from the unauthorized use of the Boost Marks,[2] b) order defendant Summit Check Cashing to: (i) promptly remove any and all existing signage and destroy all advertising, displays, literature and other materials bearing the Boost Marks; (ii) cease and desist the use of the Boost Marks in any signage, advertising, displays,

---

[1] 15 U.S.C. §§ 1114 and 1125.

[2] The Boost Marks collectively refer to United States Patent and Trademark Office Registration Nos. 2,952,818; 3,163,288; 3,254,019; and 2,936,743.

(5:11 CV 2466)

literature and other materials going forward; (iii) cease and desist the sale of Boost handsets and other Boost products going forward; and (iv) cease and desist the sale of replenishment minutes, or Re-Boost minutes, for Boost handsets and other products going forward, and c) award Boost its reasonable attorney fees and costs in the amount of $4,356.  *See* ECF 12.

Under the relevant statute:

> [T] magistrate judge shall file [her] proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.
>
> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C).

No objections have been filed to the Report and Recommendation.  The failure to file written objections to a Magistrate Judge's report and recommendation constitutes a waiver of a *de novo* determination by the district court of an issue covered in the report.  *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

(5:11 CV 2466)

The Court has reviewed the Magistrate Judge's Report and Recommendation and adopts the same. Accordingly, plaintiff Boost's motion for default judgment (ECF 10) is GRANTED. The Court will separately publish an Order of Permanent Injunctive Relief and a Judgment Entry.

The Clerk is directed to mail a copy of this Memorandum Opinion to defendant Summit Check Cashing at its address of record.

IT IS SO ORDERED.

| | |
|---|---|
| March 23, 2012 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |